# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:17-CR-172 RLW-7 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GREGORY HAMPTON, | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the Motion (ECF No. 646) is:

☒ **DENIED** after complete review of the Motion on the merits.

☒ **FACTORS CONSIDERED**.

The Court finds that Defendant has exhausted administrative remedies. Defendant, a 36-year-old Black man, asserts that his obesity places him at severe risk of serious illness or death if he contracts the virus that causes COVID-19 and that he cannot engage in social distancing or other actions to protect himself while incarcerated. In further support of his motion, Defendant eloquently states that he has changed his life and attitude since the time of sentencing, and describes numerous Bureau of Prisons adult continuing education programs and rehabilitative programs he has participated in to better himself, including the Life Connection Program. Defendant also submits a letter from a supporter. (ECF No. 654.)

Defendant's motion is not signed under penalty of perjury and it is not accompanied by any Bureau of Prisons medical records or records showing his educational and program records. Defendant's Presentence Investigation Report ("PSR") states that Defendant is six feet tall and weighs 265 pounds, which means his BMI was 35.9 at that time, placing him in the obese category.[1] (ECF No. 486, ¶ 88.) The PSR states Defendant "is reportedly healthy and not prescribed medication" (id. ¶ 90). It also reflects alcohol consumption since of age of 11, used daily to the point of intoxication at the time of arrest; marijuana use since the age of 13, in the amount of one ounce per day at the time of arrest; and use of heroin since the age of 15, in the amount of one to two grams per day at the time of arrest (id. ¶ 92).

According to current guidance from the Centers for Disease Prevention and Control, Defendant's obesity can make him more likely to become severely ill from COVID-19.[2] This makes Defendant eligible for consideration for compassionate release, but the Court finds the extraordinary and compelling nature of this eligibility is significantly lessened by the fact that there are currently no active inmate or staff COVID-19 cases at Defendant's place of incarceration, Terre Haute USP.[3] In addition, 286 staff and 1309 inmates at Terre Haute have been fully vaccinated against COVID-19,[4] so Defendant will have the opportunity to be vaccinated against COVID-19 if he is not already.

---

[1] NIH, National Heart, Lung, and Blood Institute, Calculate Your Body Mass Index, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last visited June 16, 2021).

[2] Centers for Disease Control and Prevention, COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited June 16, 2021).

[3] See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 16, 2021).

[4] See n.3, id.

The Court recognizes the significance of Defendant's well-expressed statements concerning his efforts to better himself, and appreciates the impressive efforts Defendant has made to take classes and rehabilitative programs while incarcerated. The Court encourages Defendant to continue taking educational and career-related classes when these resume, to complete the RDAP program if he is eligible for it, or any other available drug or alcohol treatment programs, and to make every effort he can to prepare himself for reentry.

That said, the Court finds Defendant fails to establish that he is not a danger to other persons or to the community, or that the 18 U.S.C. § 3553(a) factors weigh in favor of release. Defendant's current offense involved him being part of a conspiracy to distribute large quantities of heroin which was transported from Phoenix, Arizona, to St. Louis. Defendant was a mid-level distributor of heroin in St. Louis and admitted he was accountable for more than ten grams but less than twenty grams of heroin. (ECF No. 486 ¶ 41.) (Id.) This offense, which Defendant committed at a mature age and while he was on probation for a state crime, presents significant danger to individuals and the community. Defendant has a number of prior convictions and his criminal history category was VI, the highest level. (Id. ¶ 77.) Defendant was found to be a career offender because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense (Robbery First Degree and Resisting Arrest, Docket No. 021-2693, Assault of a Law Enforcement Officer Second Degree, Docket No. 031-2536, and Violence Against an Offender in the Department of Corrections, Docket No. 15PICR00306-01). (Id. § 54.) And, as stated above, Defendant has a twenty-year history of substance and alcohol abuse. Finally, the Warden's response to Defendant's Inmate Request regarding Compassionate Release/Reduction in Sentence (ECF No. 646-3) states in relevant part that Defendant has a "HIGH Risk Recidivism Level," and that on July 23, 2019, the State of Missouri lodged a detainer against Defendant and

he received a sentence of seven years concurrent to his federal sentence. These facts all weigh against reduction of Defendant's sentence.

The Court also considers that Defendant received a sentence of 84 months' imprisonment pursuant to the parties' written plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C). This was a downward variance on an applicable Sentencing Guidelines range of 151 to 188 months. The Court finds it necessary for Defendant to serve this sentence in order to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment.

For these reasons, Defendant's Motion for compassionate release will be denied.

**IT IS SO ORDERED**.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of June, 2021.